## Oblender's, Inc., v. Freed

*T. L. Brubaker*, *B. M. Zimmerman* and *Arnold, Bricker & Beyer*, for petitioner.

*Hamaker & Coho* and *Windolph & Johnstone*, contra.

WISSLER, J., August 12, 1949.—It appears from the petition and answer that on April 29, 1949, Oblender's, Inc., plaintiff, caused a writ of replevin to be issued against Murray Freed, trading as Dutch Kitchen Hotel, defendant, by filing a praecipe, affidavit of value, and replevin bond in the sum of $2,019.92, with Hart-

ford Accident and Indemnity Company as surety, whereupon the sheriff levied on the articles itemized, consisting of furniture and equipment used by defendant in connection with his business. On the same day defendant filed his counterbond in the amount of $2,019.92, with the United States Fidelity and Guaranty Company, as surety, whereupon the sheriff delivered the goods to defendant.

On May 6, 1949, one Lewis R. Schnebly, a judgment creditor of Murray Freed, defendant, caused an execution to be issued against him to August term, 1949, no. 12, and pursuant thereto the sheriff made a levy on the goods replevied, and on May 16, 1949, all of defendant's right, title and interest in the goods was sold to W. G. Johnstone, attorney, and on May 19, 1949, the goods were stored on the premises of Elmer L. Esbenshade in Manheim Township, Lancaster County, Pa., by Lewis R. Schnebly.

The sole question raised by the facts in the petition and answer is whether the property, upon the filing of the counterbond by defendant and the retention of possession by him, was "in custodia legis" so as to be immune from the subsequent sheriff's levy on the execution of Lewis R. Schnebly and the sale thereunder.

While the provisions of the Replevin Act of April 19, 1901, P. L. 88, 12 PS §1824, insofar as they apply to the practice and procedure in replevin, have been suspended, except so far as they relate to costs, by Pa. R. C. P. 1456, the law as it existed under the Replevin Act of 1901 was not changed except in procedural matters. Under the act and by Pa. R. C. P. 1071 to 1086, inclusive, when judgment is entered in favor of a party out of possession, he may obtain possession of the property by a writ of retorno habendo. However, rule 1079 as to the impounding of property makes important changes in the Replevin Act of 1901. Hereto-

fore the demand for impounding could be made only by plaintiff and in advance of issuing the writ. By rule 1079(a) the application can be made by any party, that is, plaintiff, defendant or intervener, at any time prior to the delivery of the goods to one of the parties by the sheriff. Heretofore impounding could only be ordered if a counterbond was filed. Rule 1079(a) permits an impounding even if no counterbond is filed. While heretofore the only ground for impounding was some peculiarity in the nature of the property, mere loss, no matter how substantial, was not enough. By rule 1079(b) "The court shall order the property to be impounded if (1) the circumstances are such that the petitioner if found entitled to the property would not be adequately compensated for its loss by the payment of its pecuniary value, . . ."

Petitioner cites in support of his contention the recent case of Weicht v. Automobile Banking Corp., 354 Pa. 433 (1946), where the Supreme Court, reversing the Superior Court, refused to dissolve the foreign attachment issued after the sheriff had taken possession of the property by virtue of a writ de retorno habendo, but before actual delivery to the party issuing the writ. It must be conceded that this case differs from the case at bar in that the replevin action had proceeded to final judgment, while in the present case it had not, and therefore the right to the writ de retorno habendo could not have been exercised. Nevertheless this case established the general principle that the protection of the rule of custodia legis is removed when the purpose for which the property is held has been achieved, and most certainly is a modification of the reason for the immunity of property in custodia legis, namely, that to permit attachment or execution thereon would cause great public inconvenience by requiring public officers to appear and defend a multitude of

actions, and delay in the execution of legal processes, recognizing the fact that the early historical reason for the rule must give way to greater inconveniences, which would result in a strict technical adherence to the rule. In the dissenting opinion of this same case (Weicht v. Automobile Banking Corp., 158 Pa. Superior Ct. 430, 434 (1946)) Judge Reno aptly stated:

"Property in the possession of a Pennsylvania sheriff is not sacrosanct in all circumstances. Were it so, there would be no place in our law for the rules of successive levies which are treated in 10 Standard Pa. Practice, Attachment, §57, the section immediately following that cited by the majority. See also 7 Standard Pa. Practice, Enforcement, §§95, 160. If there are distinctions between writs of execution and writs of foreign attachment, so that under one you can touch and hold and even sell property in the custody of the sheriff and under the other you cannot as much as touch it, the differences are too shadowy and subtle for me to perceive them. Nor has any case come to my notice which has demonstrated logical reasons for the discrimination."

In the case at bar there was no possession in the sheriff. Pa. R. C. P. 1077(c) provides, with regard to disposition of replevied property, as follows:

"If the property is not ordered to be impounded and the person in possession files a counterbond, the property shall be delivered to him, but if he does not file a counterbond, the property shall be delivered to the party first filing a counterbond."

The only question then is: Was the property still in the custody of the law pending the possible issuing of a writ de retorno habendo? There certainly can be no urgency or inconvenience to either plaintiff in replevin or petitioner, defendant in the replevin suit, as against the inconvenience and hardship of possible

creditors, for petitioner, under rule 1079(a), could have had the property impounded without first showing some particularity in the nature of the property (as formerly required in 10 Standard Pa. Practice, 635, §71) and without filing a counterbond, if he thought he would not be adequately compensated for its loss by the payment of its pecuniary value.

To allow the return of this property, after execution and sale, would require the present execution creditor to time his action so as to lodge his writ at the precise moment plaintiff would elect to satisfy his judgment, if in his favor, by recovery on the counterbond, and could serve no purpose but to stave off all creditors of defendant in possession under the counterbond, because plaintiff could avail himself of the right to recover the specific property equally well by asking for its impounding prior to the delivery of the property by the sheriff to any party, as he could by exercising the writ de retorno habendo after obtaining a final judgment in his favor.

When both the legislature and the Pennsylvania Rules of Civil Procedure gave full protection to one desiring to recover specific property by a right to have it impounded, it could hardly have been intended to make the right to a writ de retorno habendo absolute, as against all other rights of creditors, but merely an alternative right. It is not only possible but there have been many instances where the specific property could not be recovered because not available at the time of the issuing of the retorno writ, and in such cases our appellate courts have held that the measure of plaintiff's damages is the value of the property when it left plaintiff's possession.

After a full consideration, this court feels that after the filing of the counterbond and delivery of possession of the property to defendant, petitioner herein, and

no petition having been filed by any party requesting the court to order the property to be impounded, that the protection of the rule of custodia legis was removed, and the purpose for which the property was held had been achieved, when neither plaintiff nor petitioner availed themselves of the right of an impounding of the specific property prior to the delivery of it by the sheriff to any party.

And now, August 12, 1949, the rule on petition for restitution of possession of property replevied is discharged.